**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**



COMMONWEALTH OF VIRGINIA, EX
REL. JAY JONES, ATTORNEY
GENERAL

  Plaintiff,       Civil Action No. 3:26-cv-39

v.

WILLIAM JASON WALLER, et al.,

  Defendants.

**MEMORANDUM OPINION**

This matter comes before the Court on DEFENDANT WALLER'S AND KLINK'S MOTION TO COMPEL ARBITRATION AND TO STAY (ECF No. 51) (the "MOTION"), DEFENDANT WALLER'S AND KLINK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY (ECF No. 52), PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS WALLER'S AND KLINK'S MOTION TO COMPEL ARBITRATION AND TO STAY (ECF No. 62), and the DEFENDANT WALLER'S AND KLINK'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION (ECF No. 88). For the reasons set forth below, the MOTION will be DENIED.

**BACKGROUND**

This case arises from the Defendants' alleged pattern of deception of Virginia consumers relating to their purchase of residential solar panels from Power Home Solar, LLC ("Power Home Solar"). ECF No. 9, 1-2, 7. The Defendants are executives of the

company that sold the solar panels, and the lenders who provided loans to the consumers for the purchase of the solar panels.[1] Id. at ¶¶ 6-13, 44. The Complaint presents five counts, three alleging violations of the Consumer Financial Protection Act ("CFPA"), and two alleging violations of the Virginia Consumer Protection Act ("VCPA"). Id., at 107, 125, 131-32, 134. The movants, Waller and Klink, were the CEO and CFO of Power Home Solar. Id. at ¶¶ 6-7. They are named only in Counts One and Four. Id. at 107, 132.

Waller and Klink filed the MOTION pursuant to Fed. R. Civ. P. 12(b)(1) and the Federal Arbitration Act ("FAA"). ECF No. 52, 6. Waller and Klink claim that the agreements between Power Home Solar and the consumers require arbitration because all the consumer purchase agreements were explicitly bound by the American Arbitration Association's Construction Industry Rules, which includes the agreement to arbitrate arbitrability. So, Waller and Klink ask the Court to send the case to arbitration for the arbitrator to determine whether a nonparty to an arbitration agreement can enforce the agreement against another nonparty.

## LEGAL STANDARD

The FAA provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid,

---

[1] The actual company that sold the solar panels, Power Home Solar, is not a defendant in this matter because the company is in bankruptcy. ECF No. 9, ¶ 14.

2

irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. . . ." 9 U.S.C. § 2. The FAA was enacted to place arbitration contracts on the same footing as other contracts. Morgan v. Sundance, Inc., 596 U.S. 411, 418 (2022). Notwithstanding that the FAA is federal law, state contract law determines what contracts are binding and upon whom they are binding. Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630-31 (2009). Therefore, "[w]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts. First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

## ANALYSIS

### I. This Court should decide arbitrability.

First, say Waller and Klink, this Court should send this matter to arbitration to determine arbitrability. ECF No. 52, 10-11. However, as Waller and Klink acknowledge, the Fourth Circuit disagrees. See Rogers v. Tug Hill Operating, LLC, 76 F.4th 279, 286 (4th Cir. 2023); Isernia v. Danville Reg'l Med. Ctr., 2024 U.S. App. LEXIS 11806, at *2 (4th Cir. May 13, 2024).[2] The Fourth Circuit's clear directive on this issue ends the inquiry.

---

[2] After the MOTION came ripe, the Fourth Circuit decided Sessoms v. USHealth Advisors, LLC, --- F.4th ----, 2026 WL 1426275, at *5-6 (4th Cir. May 21, 2026). Sessoms confirmed that Tug Hill and Isernia remain the law of the Fourth Circuit. Id.

3

However, according to Waller and Klink, because Plaintiffs do "not mount a specific challenge to the enforceability of the delegation clause," but focus on the lack of contract between the parties, the Court should treat the delegation clause as undisputed and send the case to arbitration. ECF No. 88, 2 (citing Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010)). However, Rent-A-Center does not support Waller and Klink's argument. Rent-A-Center addresses an entirely different issue – when a party to a contract seeks to avoid arbitration because of a contract defense affecting the entire contract and not specifically affecting the arbitration clause. 561 U.S. at 75. That is just not the situation here. Here, there is no contract that binds the Commonwealth. Rent-A-Center explicitly states that it does not address the situation where there is no contract in the first place. Id. at 70, n.2.

Waller and Klink are also wrong in their reliance on Modern Perfection, LLC v. Bank of America, N.A., 126 F.4th 235 (4th Cir. 2025). In Modern Perfection, the Fourth Circuit held that the question whether a specific claim was arbitrable under a valid arbitration clause should go to the arbitrator under the delegation clause. Id. at 241-42. However, the Fourth Circuit clarified that, "[a] court must first determine for itself that 'the parties have a contract that provides for arbitration of some issues.'" Id. at 241 (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). Here, this Court must first decide whether a nonparty

4

may enforce an arbitration agreement against another nonparty, here a state government. Under binding Fourth Circuit precedent, that question is a question for this Court, not the arbitrator.[3]

The Court declines the invitation to decide this issue contrary to binding precedent. If Isernia and Rogers (and now, Sessoms) are to be cast aside, the Fourth Circuit must do so en banc.

## II. Waller and Klink cannot compel arbitration against Virginia

Having quelled the invitation to rebellion, we turn to the next step of the analysis: whether a non-party to an arbitration

---

[3] Notwithstanding the Court's clear directive to Waller and Klink to address what authority the Court had to decide a case contrary to Fourth Circuit precedent, they failed to do so. Their argument consists of one paragraph in the Conclusion section and one footnote. ECF No. 88, 7-8. The arguments go as follows: (1) stare decisis should not be followed mechanically, (2) Isernia and Rogers do not apply, (3) other Circuit Courts have gone the other way, (4) another District Court departed from Fourth Circuit precedent in an unrelated case, and (5) Isernia is an unpublished case.

First, stare decisis is entirely irrelevant and does not address the authority by which a district court can decide a case contrary to a circuit court case. Second, Isernia and Rogers are directly on point. Third, what other Circuit Courts have done does not change the Fourth Circuit's decision. Fourth, in Veasey, there were Supreme Court cases between the Fourth Circuit decision and the district court decision that justified the departure, unlike in this case. Veasey v. Wilkins, 158 F. Supp. 3d 466, 469-70 (E.D.N.C. 2016). Finally, Isernia is unpublished and non-binding. However, Rogers is published and thus is binding on district courts within the Fourth Circuit. The addition of Sessoms to this line only confirms that the Court must adhere to Rogers and Isernia. 2026 WL 1426375, at *5-6.

agreement can enforce an arbitration agreement against a state government who is also a non-party to the agreement. They cannot.

In E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 294 (2002), the Supreme Court held that an arbitration agreement between an employer and employee did not bind the E.E.O.C. to arbitrate an enforcement action against the employer. The Court noted that the E.E.O.C. was not a party to the contract, and that "[i]t goes without saying that a contract cannot bind a nonparty." Id. The Supreme Court recognized that E.E.O.C. sought only victim-specific relief, but found that nonetheless, the E.E.O.C. was vindicating the public interest and would not be held to an arbitration agreement it did not make. Id. at 295-96.

And, under Virginia law, the Waffle House principle applies when a state government seeks victim-specific relief to vindicate the public interest. The Supreme Court of Virginia held that because the Commonwealth of Virginia was not party to an arbitration agreement, it was not bound to arbitrate under the FAA or under state contract law principles. NC Fin. Sols. of Utah, LLC v. Commonwealth ex rel. Herring, 854 S.E.2d 642, 645-47 (Va. 2021).

Waller and Klink argue that the Commonwealth is "essentially an assignee" of the consumers and thus are held to the agreements that the consumers made. ECF No. 52, 14. However, the Commonwealth is not an assignee. The Commonwealth has a statutory right to enforce consumer protection law separate and apart from any right

6

under a contract. Waller and Klink cite no on-point case law supporting their argument.

Waller and Klink also suggest that they could enforce the arbitration agreement against consumers.[4] However, that issue need not be reached because, even if they could enforce the arbitration agreement against the consumers, they cannot against the Commonwealth.

### CONCLUSION

In sum, there is no contract between Waller and Klink and the Commonwealth. Therefore, there is no arbitration agreement and no agreement for the arbitrator to decide arbitrability. Therefore, the MOTION will be DENIED.

It is so ORDERED.

/s/        *R E P*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May **28**, 2026

---

[4] However, that is dubious, especially in light of the recent Fourth Circuit case, Jackson v. Protas, Spivok & Collins, LLC, ---- F.4th ----, 2026 WL 1378665, at *1 (4th Cir. May 18, 2026) ("Because the [party seeking arbitration] is not a party to the agreement, it cannot enforce it.").